UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MAFAYETTE M. FIELDS,

                Plaintiff,

v.                                                                   Case No. 20-cv-1211-pp

CO II MILLER, *et al.*,

                Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT (DKT. NO. 9)**

Plaintiff Mafayette M. Fields, a Wisconsin state prisoner representing himself, filed a complaint under 42 U.S.C. §1983 alleging that the defendants violated his constitutional rights. Dkt. No. 1. On February 8, 2021, the court screened the complaint under 28 U.S.C. §1915A and dismissed it for failure to state a claim. Dkt. No. 7. The court entered judgment the same day. Dkt. No. 8. Nine days later, the plaintiff filed a motion to alter or amend judgment. Dkt. No. 9.[1]

In support of that motion, the plaintiff states that the court misapplied the law in determining that the defendants did not act with deliberate indifference when he was denied his medication to control his muscle twitch disorder. Dkt. No. 9 at 1. He also states that the court disregarded the facts related to his equal treatment allegations. Id.

---

[1] The plaintiff filed a notice of appeal on March 8, 2021. Dkt. No. 13. The Court of Appeals for the Seventh Circuit suspended proceedings in the appeal pending the assessment and payment of any necessary fees. Dkt. No. 13-1.

1

"Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." Obriecht v. Raemisch, 517 F.3d 489, 494 (7th Cir. 2008) (citing Sigsworth v. City of Aurora, 487 F.3d 506, 511-12 (7th Cir. 2007)). Whether to grant a motion to amend judgment "is entrusted to the sound judgment of the district court." In re Prince, 85 F.3d 314, 324 (7th Cir. 1996). The plaintiff's motion does not mention any newly-discovered evidence. This means that under Rule 59(e), he is entitled to relief only if he can demonstrate that the court's rulings constituted a manifest error of law. A "manifest error of law" "is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metro. Life Ins. Co., 224 F.2d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

In dismissing the complaint for failure to state a claim, the court stated, in part:

> The plaintiff alleges that he missed one dose of medication, one time, on May 16, 2019. He says that when he returned to his unit from school to take his medication, he asked Miller for the medication and Miller called the HSU to see if he could administer it to the plaintiff. The plaintiff states that per HSU's orders, Miller did not give him the medication. Thought it is not clear, it appears that the policy announced by Jess's February 4, 2019 memo—requiring inmates to report to medication pass at medication time—may have prevented the plaintiff from receiving his midday medication on May 16, 2019.
>
> Deliberate indifference requires that the defendants know of a "substantial risk of harm" to the inmate's health or safety and disregard it. West v. Millen, 79 F. App'x 190, 193-94 (7th Cir. 2003) (quoting Dunigan ex rel. Nyman v. Winnebago Cty., 165 F.3d 587, 591 (7th Cir. 1999)); see also Walker v. Benjamin, 293 F.3d 1030,

1037 (7th Cir. 2002). Conduct must be intentional or criminally reckless; even gross negligence is not enough. West, 79 F. App'x at 193-94 (citing Chapman v. Keltner, 241 F.3d 842, 845 (7th Cir. 2001)). Intentionally interfering with a medical staff's prescribed treatment in the face of a substantial risk to an inmate's health may constitute deliberate indifference. Id. (citing Zentmyer v. Kendall Cty., 220 F.3d 805, 812 (7th Cir. 2000). However, an occasional missed dose of medicine, without more, does not violate the Eighth Amendment. Id. (citing Zentmyer, 220 F.3d at 811-12).

The plaintiff does not state that he suffered any adverse symptoms from missing the one dose of medication. Nor does he allege that he has missed any other doses of his medication. The plaintiff has not stated an Eighth Amendment claim based on missing one dose of his medication because the court cannot plausibly infer that any defendant acted with deliberate indifference given a single missed dose of medication with no reported adverse effects.

The plaintiff also states that Jess's policy was not consistently followed because some inmates who work at certain institution jobs were permitted to take their medications at different times. The plaintiff also says that staff previously had allowed him to take his medication after the designated time, such as when he arrived back on the unit as late as 7:00 p.m. after a long day at school. The plaintiff appears to allege that denying him the ability to take his medication late violated his right to equal protection because inmates who work jobs were allowed to take medication late. In this context, he references the policy makers—defendants Greer, Holzmacher and Muse. It is not clear why the plaintiff believes that the policy makers violated his rights; he is alleging that it was prison staff who did not follow the policy and applied it differently to some inmates than to others.

To state a claim for unconstitutional discrimination, a plaintiff must show "that he is a member of a protected class, that he is otherwise similarly situated to members of the unprotected class, and that he was treated differently from members of the unprotected class." Brown v. Budz, 398 F.3d 904, 916 (7th Cir. 2005); see also, Lisle v. Welborn, 933 F.3d 705, 719-20 (7th Cir. 2019). The plaintiff's allegation that he was discriminated against because staff at Oshkosh make exceptions to Warden Jess's policy for inmates who work at certain jobs is insufficient to support an equal protection claim because he has not alleged that he is a member of a protected class. The plaintiff may not proceed on an equal protection claim.

Dkt. No. 7 at 6-8.

Most of the plaintiff's motion recites cases and statutes. As to his deliberate indifference claim, he argues that contrary to what the court concluded, his complaint *did* describe an adverse reaction to missing the dose of medication. Dkt. No. 9 at 3. He says that "[f]ailure to take [his] medication causes more muscle twitches," and he asserts that the fact that he was ordered to take the medication shows that he needed it. Id. This argument does not demonstrate a manifest error of fact; additional muscle twitches are not sufficient to demonstrate more than a *de minimis* injury, even if the plaintiff had definitively asserted that missing this particular dose caused him to suffer more muscle twitches. As for his equal protection claim, the plaintiff says that he was treated differently than every other inmate in this instance because all other inmates are allowed to take their medications when they return from working or attending school off unit. Id. The court understands that that is the plaintiff's argument. But that argument does not demonstrate that the plaintiff was a member of a protected class or that he was discriminated against because of his membership in that class.

Finally, the plaintiff argues in the motion that "[t]he question is NOT whether the defendants denied one dose of medication and therefore could not have been deliberately indifferent to [the plaintiff's] serious medical need," but "did [the plaintiff] allege a claim when he pointed out in his complaint how defendants actions prevented him receiving treatment prescribed to him by a qualified physician." Id. The plaintiff says that the court did not address the question as he frames it and that the court's "wholesale disregard" of the facts

4

he described in the complaint constitutes a manifest error. Id. at 3-4. This argument is a distinction without a difference. The complaint did not state a claim for deliberate indifference and the plaintiff has not demonstrated that the court's conclusion to that effect constituted a manifest error of law or fact.[2]

The court **DENIES** the plaintiff's motion to alter or amend judgment. Dkt. No. 9.

Dated in Milwaukee, Wisconsin this 14th day of April, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

---

[2] Although courts generally permit plaintiffs an opportunity to amend the complaint, the court need not do so where the amendment would be futile. See Boyd v. Bellin, F. App'x 886, 889 (7th Cir. 2021). The complaint was quite thorough in its allegations of the facts giving rise to the plaintiff's claims; further amendments would be futile.

5